[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 13, 1993 Date of Application May 20, 1993 Date Application Filed May 26, 1993 CT Page 9881 Date of Decision September 28, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of New London, Docket No. CR 10-205565;
John F. Cocheo, Esq., Defense Counsel, for Petitioner
 Lawrence Tytla, Esq., Assistant State's Attorney for the State
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was sixty years old at the time of sentencing, was convicted after a trial by jury of the following crimes:
1st Count Conspiracy to Commit Arson, 1st Degree — Connecticut General Statutes Sections 53a-48 and 53a-111(a)(3)(4)
2nd Count Accessory to Arson, 1st Degree — Connecticut General Statutes Sections 53a-8 and 53a-111(a)(3)
3rd Count Accessory to Arson, 1st Degree — Connecticut General Statutes Sections 53a-8 and 53a-111(a)(4)
He was sentenced to a term of fifteen years on the first count and fined $15,000.00. The second count was merged with the third count and in the third count he was sentenced to a concurrent fifteen year term and fined $20,000.00. The total effective sentence was fifteen years and a $35,000.00 fine[.]
The elements of Arson, 1st degree are the starting of a fire with the intent to destroy or damage a building for the purpose of collecting insurance proceeds from the resultant loss (53a-111(a)(3) or at the scene of such fire a firefighter is subjected to a substantial risk of bodily injury. (53a-111(a)(4)). As noted, CT Page 9882 the petitioner was convicted under both sub-sections.
The petitioner had opened a restaurant in Old Lyme in June, 1988. The business was not doing well and the petitioner, one week before the fire, substantially increased the insurance coverage on the restaurant. He arranged for his nephew to burn the building down and his nephew, in turn, hired a dishwasher and "gofer" who worked at the restaurant to actually set the fire. Both the nephew and the dishwasher were convicted of charges in connection with the fire and agreed to cooperate in the prosecution of the petitioner. The nephew thereafter tape recorded conversations with the petitioner in which the petitioner made incriminating statements, which included coaching the nephew as to his testimony in the petitioner's trial.
The fire itself was set with some ten gallons of gasoline as the accelerant. It was a very fast spreading fire and put the volunteer fire fighters in the building and on the roof in imminent danger of injury or death.
The petitioner testified at his trial and denied involvement. Obviously the jury found his testimony not credible. He maintains his innocence before the Review Division as well.
His attorney asks the Division to consider his age and medical problems which include possible surgeries to correct an aneurysm and a back problem. He points out that the petitioner has no prior record and that a modification of the sentence would be appropriate under all the circumstances.
The sentencing court had for its consideration a full and detailed pre-sentence report. All of the mitigating factors alluded to by counsel were known to the court and expressly considered. Against that the Court had to consider that the petitioner masterminded this extremely serious and dangerous fire. The comment of the sentencing judge shows that he did weigh and consider all the information relevant to the purposes involved in the imposition of a sentence.
Reviewing this sentence in light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended, the Division finds it is neither inappropriate nor disproportionate. Accordingly, the sentence is affirmed. CT Page 9883
__________, J.
__________, J.
__________, J.
Klaczak, Norko and Miano, J.s, participated in this decision.